## OLYMPIA HARBOR LUMBER CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7682.

Circuit Court of Appeals, Ninth Circuit.
Aug. 12, 1935.

Thomas N. Fowler, of Seattle, Wash., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals affirming a decision of the Commissioner fixing a deficiency in the federal income tax of petitioner for the calendar year 1929. During that year the petitioner claimed a deduction of $33,594.65 on account of a debt of $84,722 due to petitioner by the Tumwater Lumber & Mill Company (hereinafter called Tumwater Company). Petitioner claimed that it had ascertained such indebtedness to be worthless to the extent of $33,594.65. The Board of Tax Appeals sustained the conclusion of the Commissioner holding that the debt due to the petitioner by the Tumwater Company was not ascertained to be worthless to the amount of $33,594.65 during the year 1929. The deduction is claimed by the petitioner under section 23, subd. (j) of the Revenue Act of 1928, c. 852, 45 Stat. 791, 799, 26 USCA § 2023, which allows deductions from gross income for bad debts as follows: "(j) Bad Debts. Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part."

Where the whole debt was not claimed to be worthless under the revenue laws prior to the Revenue Act of 1921, the taxpayer was not permitted to deduct the portion of the debt ascertained or claimed to

be worthless, but could do so only when the entire debt was ascertained to be worthless. Spring City Foundry Co. v. Commissioner, 292 U. S. 182, 54 S. Ct. 644, 78 L. Ed. 1200. Since the enactment of legislation permitting the deduction of a debt which is partly but not wholly bad, it has been held that the allowance of a deduction of the part claimed to be worthless was in the sound discretion of the Commissioner, and that his decision as to such allowance could not be reviewed except for an abuse of discretion. Ross v. Commissioner (C. C. A.) 72 F.(2d) 122; Stranahan v. Commissioner (C. C. A.) 42 F.(2d) 729; Commissioner v. Liberty Bank & Trust Co. (C. C. A.) 59 F.(2d) 320, 322. The Board of Tax Appeals in its findings of fact states that all of the capital stock of petitioner and of the Tumwater Company was owned by five brothers, named Anderson, in equal proportions; that the Anderson brothers desired to install a Swedish gang sawmill and for that purpose the Tumwater Company borrowed from the petitioner the sum of $55,000, which was estimated to be sufficient to establish this mill; that subsequently it was found necessary to advance additional amounts up to the sum of $84,722 in all. The mill was experimental and met with some mechanical and economic difficulties, such that on December 27, 1929, the Anderson brothers, as trustees of the petitioner, concluded that due to the high cost of installing the new mill, the drop in prices of lumber and the curtailed business due to the depression, and the depreciation in the value of the assets of the Tumwater Company, that company would not be able to pay the petitioner the sum advanced to it, and it was accordingly decided to charge off approximately 40 per cent. advanced to the Tumwater Company as a bad debt. No resolution of the board of trustees to that effect was passed or entered on the minutes. No actual charge-off was made on the petitioner's books in 1929 nor until February or March, 1930, when there was a retraction charge-off in the amount of $33,594.65 as of December 31, 1929. No notes had been given by the Tumwater Company to petitioner, and there is no understanding between the two corporations as to how long the account would run. Some time after the book entries were made the assets of the Tumwater Company were valued as of December 31, 1929, based on their liquidation value and the result of that valuation placed the assets as worth $142,523.92. The current assets as of December 31, 1929, were $57,316.38 and the current liabilities $126,995.62. The Anderson brothers did not intend that the outside creditors of the Tumwater Company should lose any money, and intended that they should be paid through petitioner.

It appears from the evidence that the value of the assets of the Tumwater Company as carried on its books as of December 31, 1929, was $220,428.30 and its liabilities $186,894.92. It also appears therefrom that the petitioner's claim for 40 per cent. deduction upon the indebtedness due it as an allowance for a partially bad debt was based upon the realizable value of the assets of the corporation estimated at $142,523.50 instead of book value of $220,428.30. In dealing with this subject, the Board of Tax Appeals stated its conclusion in its opinion as follows:

"The evidence does not convince us that the advances made to the Tumwater Lumber Mill Co. should be allowed as a bad debt deduction in 1929. Undoubtedly a large portion of the sum was not advanced until that year and the entire sum was loaned for frankly experimental purposes and could be repaid only through income from the operations of the Tumwater Co. At the end of 1929 it was in regular operation, although it had experienced the pinch of the depression, as had business generally. Its balance sheet showed it entirely solvent. It is true that its liquid assets were limited, but that was known when the advances were made by petitioner and was the occasion for its action. By placing a liquidating value on its assets, including the new gang sawmill which had recently been completed, a value was reached of $142,523.30, and as the outstanding liabilities, including the sum due petitioner and various mortgages on the property, equaled $186,894.92, claim is made that the Tumwater Co. was insolvent and that petitioner was warranted in making the charge-off that it did. Petitioner's president testified that in the light of subsequent events the entire account should have been charged off, but the testimony goes no further than this, and no facts are given to support the general statement.

"In deducting 40 per cent. of the indebtedness due by the Tumwater Lumber Mill Co. petitioner evidently did not consider it was dealing at arm's length with that company, for, even on its own calcula-

tion of the assets and liabilities of the Tumwater Co., it would have recovered more than 60 per cent. of the amount due. Petitioner's answer is that the Anderson brothers did not intend that the outside creditors of the Tumwater Co. should lose anything. However commendable such a course may be, it does not follow that petitioner may at one and the same time treat itself as a true creditor and also as ready to relinquish its right to payment and by so doing charge off the item as a bad debt against its income. Except for the close relationship that existed between the two corporations, it is not likely that the Tumwater Co. would have borrowed such a large sum as it did from petitioner, which sum was payable on demand. The two corporations had in earlier years been in the habit of filing consolidated returns, but that was not permitted under the revenue act in force in 1929. If it had been the accounts could not have reflected under any guise the sum now sought to be deducted. The evidence is far from satisfactory that there was a charge-off within the year 1929, but, passing that matter over unanswered, we are of the opinion that the debt due to the petitioner by the Tumwater Lumber Mill Co. was not ascertained to be worthless to the amount of $33,594.65 and that the charge-off should not be allowed as a deduction from petitioner's 1929 income."

If the petitioner was entitled to appraise the value of the assets of the debtor Tumwater Company as it did and to have allowed as a loss such portion of the debt due it as represents its pro rata of the amount that the liabilities of the debtor exceeded its assets, the evidence tends strongly to support the conclusion that there had been a loss by reason of the decrease in the value of the assets of the Tumwater Company. This determination of course is one of fact, and we have no jurisdiction to review a decision of fact by the Board of Tax Appeals, if supported by substantial evidence. It is a matter of considerable doubt whether we would be justified in holding that the decision of the Commissioner as to the value of the assets of the Tumwater Company was not supported by evidence in view of the fact that company carried its assets on its books at over $220,-000, where both corporations were under the control of the same persons. The question for our consideration, however, is not whether or not the indebtedness in question was in part uncollectible, but whether the Commissioner of Internal Revenue was justified in the exercise of sound discretion in refusing to permit a deduction in 1929 for a loss in that year. In considering this question of the alleged abuse of discretion by the Commissioner, it should be noted that the affairs of the Tumwater Company had not reached a crisis, there were no proceedings under way for liquidation of the corporation, and no occasion for any writing off of any part of the indebtedness due from it to the petitioner other than for the purposes of securing a deduction from its gross revenue for the purpose of decreasing the amount of its income tax. The Board of Tax Appeals calls attention to the fact that the petitioner claims an allowance of 40 per cent. as a deduction upon the indebtedness due from the Tumwater Company to it while at the same time avowing an intention to see that all the other debts of the Tumwater Company were paid. This resulted in a claim for $33,594.65, whereas upon the basis of a pro rata allowance the amount would have been slightly over $20,000. If the deduction were a matter of right, it is clear that it could not exceed the latter sum. The Commissioner and the Board of Tax Appeals were clearly right in refusing to permit the deduction claimed. If we assume that the evidence showed the debt was bad to the extent of $20,000, the question would remain as to whether or not the Board of Tax Appeals was bound to make an allowance of that amount if convinced by the evidence that the indebtedness was worthless to that extent. It has been held that where excessive deduction has been claimed for bad debts, that an allowance should be made for the amount as to which the indebtedness is shown to be worthless. Sherman & Bryan v. Blair (C. C. A.) 35 F.(2d) 713. In view of this decision, which has been overruled by the Supreme Court on other questions (Spring City Foundry Co. v. Commissioner, 292 U. S. 182, 54 S. Ct. 644, 78 L. Ed. 1200), we would feel constrained to remand the case to the Board of Tax Appeals for finding upon the question as to whether or not there was an actual loss upon the indebtedness due to the petitioner in the year 1929, were it not for the fact which we have already pointed out that this question of the fact of a partial loss is not a question for the consideration of the Board of Tax Appeals nor for our consideration. The question for consideration

is whether or not there has been an abuse of discretion by the Commissioner in refusing to permit a deduction for such loss as occurring in 1929. The decision of the Board is not distinctly placed upon the ground that there was no abuse of discretion by the Commissioner in refusing to make the allowance. It is obvious from the quotation above that the decision of the Board of Tax Appeals is actually placed upon the ground that it was a proper exercise of discretion on the part of the Commissioner to postpone the allowance of the loss under the circumstances. This, no doubt, accounts for the absence of specific findings by the Board of Tax Appeals as to whether or not there was actual loss suffered by the petitioner during the year 1929 by reason of the partial incollectibility of the indebtedness due it from the Tumwater Company.

We cannot say that there has been an abuse of discretion on the part of the Commissioner in refusing to allow the deduction.

Order affirmed.