**KIMBELL–DIAMOND MILLING CO. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 13307.

United States Court of Appeals Fifth Circuit.

March 16, 1951.

Rehearing Denied April 23, 1951.

R. B. Cannon, Fort Worth, Tex., for petitioner.

George D. Webster, Ellis N. Slack, Lee A. Jackson, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Charles Oliphant, Chief Counsel, Claude R. Marshall, Special Attorney, Bureau of Internal Revenue, Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

PER CURIAM.

The correctness *vel non* of the challenged deficiencies, determined by the commissioner and approved and adopted by the Tax Court, turns on whether the taxpayer petitioner is right in insisting that assets acquired by it by first purchasing the stock of, and then liquidating, Whaley Company should be included in petitioner's basis at their cost to Whaley or whether the commissioner is right in insisting that they should be included at the cost to petitioner of Whaley's stock.

The facts are fully reported and the law of the case is correctly and adequately set forth in the opinion and decision of the Tax Court.[1] It will, therefore, serve no useful purpose for us to again set down the facts and again canvass and state the controlling findings and conclusions which determined there and determine here what the decision should be. It will be sufficient for us to say that we are in full agreement with the findings and conclusions of the Tax Court and with the reasoning on which they are based.

So agreeing, in spite of petitioner's earnest and vigorous attack upon them by brief and oral argument, we deny the petition for review and affirm the attacked order for the reasons and upon the considerations advanced by the Tax Court.

Affirmed.

1. Kimbell-Diamond Milling Co. v. Commissioner, 14 T.C. 74.