CHARLES A. CLARK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31220.   Promulgated October 20, 1952.

*Clyde C. Sherwood, Esq.*, and *Frank C. Scott, C. P. A.*, for the petitioner.

*Robert G. Harless, Esq.*, for the respondent.

50

OPINION.

VAN FOSSAN, *Judge:* The first question arises from the loss sustained by the petitioner on the sale of 50 shares of stock in the American Distilling Company. It is petitioner's contention that the amount of the loss is deductible in full as a part of the cost of whiskey sold or as an ordinary and necessary business expense.

The ruling of the Court in *Western Wine & Liquor Co.*, 18 T. C. 1090, in which case the author of this opinion filed a dissenting opinion, is controlling on the first issue here raised. In that case, on facts generally comparable to those here appearing, it was held that the loss incurred on the sale of the stock of the American Distilling Company was a part of the cost of the whiskey acquired; that the stock was property held for sale to customers in the ordinary course of business; and that it was not a capital asset. That case is indistinguishable in fact or principle from the present case.

The second issue is in respect to the sums received by the city of Tracy from the petitioner with regard to the operation of his slot machines. The entire amount of payments was included in petitioner's gross income and then taken as a deduction. The payments to the city were in the amount of $25 per machine per month. Some of the machines were maintained in petitioner's cafe, others were installed in other establishments. The petitioner, who owned all of the machines, required the proprietors of the other places to pay half the amount due the city. The payments of $25 per machine were first taken out of the total proceeds from each machine and the remainder was divided equally between the proprietor and the petitioner with regard to those machines located in other establishments.

The petitioner, on brief, argues that none of the amount paid to the city was includible in his gross income. To the contrary, we are of the opinion that the total of the payments made to the city on petitioner's behalf (excluding only the portion transmitted as payments made by petitioner on account of his licensees) should be included in petitioner's gross income.

The petitioner paid $25 for permission to operate each machine in his establishment and received the total proceeds of these machines. He paid the city $12.50 for permission to operate each machine in another place of business. He received half of the proceeds from these operations. The payments were made in exchange for the city's willingness to allow the illegal operation. The city, however, neither participated in the operation nor received any benefit exclusive of the $25 monthly payment. The city was in no sense a joint venturer or a participant with the petitioner or the other proprietors. The $25 monthly payment was not restricted to any particular source of funds. The city's fee was dependent solely upon the number of machines in operation and it received this fee without regard to the amount or lack of profit made. The city issued neither permits nor licenses. The payments cannot be classified as taxes. The arrangement to have the payments appear upon official records as fines, or forfeited bail, was

patently a sham. The filing of complaints and the fictitious prosecution of petitioner every three months did not interrupt operation of the machines.

The petitioner relies upon *Christian H. Droge*, 35 B. T. A. 829, and *Samuel L. Huntington*, 35 B. T. A. 835. In both of these instances the taxpayers agreed with their wives that if any sweepstakes ticket held by them individually should win they would divide the proceeds equally. We held the husbands taxable only upon the portions of the winnings retained by them. In the present case, the petitioner merely agreed to pay $25 per month for permission to operate each machine. The city could receive, under the arrangement, no more or less than $25 per machine. It could not share in the winnings, nor could it suffer from losses as long as the machines were operated. The distinguishing factor between the cited cases and the present instance is the participation of other parties upon a joint basis in the undertaking. It cannot be said that the petitioner divided the slot machine proceeds with the city. Rather, the payments were in the nature of an unauthorized fee for allowance to operate each machine.

The other cases cited by petitioner are similarly distinguishable upon the facts involved.

The petitioner has failed to establish that the amount paid to the city for the operation of slot machines in his establishment and for his interest in other machines operated by his licensees was not income to him.

The petitioner next contends that the amounts paid to the city, if includible in income, are also deductible by him as expenses. Although the payments were made to the city itself and not to an individual, they were paid to secure the non-enforcement of the law by the city. The payments resemble the "protection payments" held nondeductible in *G. A. Comeaux*, 10 T. C. 201, affd. 176 F. 2d 394.

The Supreme Court in *Lilly* v. *Commissioner*, 343 U. S. 90, 96, recently stated:

Assuming for the sake of argument that, under some circumstances, business expenditures which are ordinary and necessary in the generally accepted meanings of those words may not be deductible as "ordinary and necessary" expenses under § 23 (a) (1) (A) when they "frustrate sharply defined national or state policies proscribing particular types of conduct," *supra*, nevertheless the expenditures now before us do not fall in that class. The policies frustrated must be national or state policies evidenced by some governmental declaration of them. * * *

Section 330a of the California Penal Code is as follows:

§ 330a. Possession or keeping of slot or card machine, card dice or dice having more than six faces: Punishment.] Every person, who has in his possession or under his control, either as owner, lessee, agent, employee, mortgagee, or otherwise, or who permits to be placed, maintained or kept, in any room, space,

inclosure or building owned, leased or occupied by him, or under his management or control, any slot or card machine * * * is guilty of a misdemeanor, and shall be punishable by a fine not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment. [Added by Stats. 1911, p. 951.]

Section 337 of the California Penal Code states:

§ 337. [Asking or receiving consideration to assist violator: Issuing license or voting for ordinance authorizing conduct of forbidden games.] Every state, county, city, city and county, town, or township officer, or other person who shall ask for, receive, or collect any money, or other valuable consideration, either for his own or the public use, for and with the understanding that he will aid, exempt, or otherwise assist any person from arrest or conviction for a violation of section three hundred and thirty of the Penal Code; or who shall issue, deliver, or cause to be given or delivered to any person or persons, any license, permit, or other privilege, giving, or pretending to give, any authority or right to any person or persons to carry on, conduct, open, or cause to be opened, any game or games which are forbidden or prohibited by section three hundred and thirty of said code; and any of such officer or officers who shall vote for the passage of any ordinance or by-law, giving, granting, or pretending to give or grant to any person or persons any authority or privilege to open, carry on, conduct, or cause to be opened, carried on, or conducted, any game or games prohibited by said section three hundred and thirty of the Penal Code, is guilty of a felony. [Added by Stats. 1885, p. 113.]

The above statutes clearly and sharply define state policy in regard to the operation of slot machines and the granting of permission by city authorities to operate such machines. The conclusion is inescapable that the payments in question are not deductible by petitioner.

The payments of $12.50 per machine per month made by the proprietors of other locations through petitioner as a conduit, should not be included in his income. Petitioner derived no benefit from such payments. In return for the fee of $25, the slot machines were left free from interference by city authorities in these other locations. Petitioner's benefit from the payments to the city was restricted to one-half the proceeds of these machines. We have included that proportion of the payments in his income. The other proprietors received benefit of the other half of the payments by receiving half the proceeds. On this point, *Horace Mill*, 5 T. C. 691, is applicable inasmuch as the other proprietors were participants and jointly interested in the undertaking. The arrangement by which petitioner made the payments was merely one of convenience.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

Hill, *J.*, dissenting: I disagree with the holding of the majority on the issue designated in the opinion of the Court as the "first question." I, therefore, dissent.