OPINION. Murdock, Judge: The Commissioner “contends that the payment was in the nature of an investment, so that if there was a loss in 1941 it was a short term capital loss, not allowable under section 117(d) of the Internal Revenue Code since petitioner had no short term gains.” He cites but one case, Armored Tank Corporation (N. Y.), 11 T. C. 644, in which it was held that the $875,000 received by the Delaware I stockholders was an amount realized from the sale of their stock rather than a payment to Delaware I in settlement of its claim against the present petitioner. The Commissioner argues: The theory upon which respondent relied in that litigation was precisely the theory upon which petitioner relies here, namely that the payment of $375,000 00 to the stockholders of Delaware I was in settlement with that corporation of the disputed agreement of July 23, 1940 rather than a purchase of stock from the shareholders. (11 T. C. 644, 652). The Court decided the issue against respondent. It is submitted that, under the principle of stare decisis, the Court should here follow its ratio decidendi and holding in Armored Tank Corporation (N. Y.) et al, supra, and order entry of decision for respondent. It is true, as the Commissioner contends and the Court held in the cited case, that the petitioner did not settle the claim against it by a direct deal with and payment of the $375,000 to Delaware I and the latter had no income from that payment. Nevertheless, the petitioner effectively relieved itself of all liability under the contract of July 23, 1940, by paying the $375,000 for the Delaware I stock and then dissolving that corporation. The cited case is not in point or in conflict here. The evidence clearly shows that the only purpose of the petitioner in paying the $375,000 and acquiring the stock was to settle all claims against it under the agreement of July 23, 1940, and it had no intention of buying or holding that stock as an investment. The payment must be considered in accordance with the purpose for which the petitioner paid it in determining the tax consequences to the petitioner. Cf. Kimbell-Diamond Milling Co., 14 T. C. 74, affd. 187 F. 2d 718, certiorari denied 342 U. S. 827; cf. Western Wine & Liquor Co., 18 T. C. 1090; Charles A. Clark, 19 T. C. 48; Hogg v. Allen, 105 F. Supp. 12. That purpose was to be relieved of a burdensome contract although the transaction took the form of a stock purchase. The amount is deductible as an ordinary and necessary expense of doing business or as a business loss. Helvering v. Community Bond & Mortgage Corporation, 74 F. 2d 727; Camloc Fastener Co., 10 T. C. 1024; Olympia Harbor Lumber Co., 30 B. T. A. 114, affd. 79 F. 2d 394. Decision will be entered under Rule 50.