OPINION. Black, Judge: The only issue presented in this case is whether the three corporate petitioners acquired the assets of Austin Transit Company through a taxable transaction entitling the petitioners to use their own cost basis or a tax-free transaction requiring a substituted basis of the Austin Transit Company. Respondent contends that petitioners acquired the assets as a result of a tax-free reorganization within the meaning of section 112 (g) (1) (D) and 112 (h), Internal Revenue Code, which provides the following: SEC. 112. RECOGNITION OF GAIN OR LOSS. (g) Definition of Reorganization. — As used in this section (other than subsection (b) (10) and subsection (1)) and in section 113 (other than subsection (a) (22)).— (1) The term “reorganization” means * * * (D) a transfer by a .corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its shareholders or both are in control of the corporation to which the assets are transferred, or * * * * * * * * * * (h) Definition of Control. — As used in this section the term “control” means the ownership of stock possessing at least 80 per centum of the total combined voting power of all classes of stock entitled to vote and at least 80 per centum of the total number of shares of all other classes of stock of the corporation. Under the statutory definition above an essential requirement of a reorganization is that immediately after the transfer the transferor corporation or its shareholders own at least 80 per cent of the stock of the new corporation. Spang, Chalfant & Co., 31 B. T. A. 721; Schumacher Wall Board Corporation, 33 B. T. A. 1211, affd. 93 F. 2d 79. A good part of petitioners’ brief is devoted to an argument that there was no reorganization under section 112 (g) (1) (D) because the facts clearly show that the Murchisons set out to acquire the assets of Austin Transit Company and not its stock and that the acquiring of the stock was merely incidental to acquiring the assets and that the whole transaction should be regarded as one of purchasing assets and not stock and should be so treated in applying the reorganization provisions of the statute. Petitioners contend that when this is done, there was no tax-free reorganization and rely upon such cases as Kimbell-Diamond Milling Co., 14 T. C. 74, affd. 187 F. 2d 718, and cases there cited. Respondent on his part contends that the petitioners, Austin Transit, Inc., Bus Leasing Corporation, and Zachry Realty Co., acquired the assets of Austin Transit Company through a nontaxable reorganization under the provisions of section 112 (g) (1) (D) and the basis of such assets to the petitioners is the basis of such assets in the hands of Austin Transit Company, the predecessor corporation. Respondent relies in support of his contention upon Estate of John B. Lewis, 10 T. C. 1080, affd. 176 F. 2d 646; Survaunt v. Commissioner, 162 F. 2d 753. If we should discuss the foregoing respective contentions of the parties and the cases upon which they rely, it would add very considerably to the length of this opinion. We find it unnecessary to do so. Even if we assume that the Commissioner is correct in his contention that there was a statutory reorganization under the authorities which he cites, nevertheless, he could not win. It is not every reorganization under section 112 (g) (1) (D) that is tax free. In order that the reorganization shall be nontaxable there must be a compliance with the control provisions of the statute defined in section 112 (h). Petitioners raise this ground under paragraph B of their brief which says: B. There could, in any event, be no tax free reorganization because there was missing the requisite 80 per cent control in the Murchison brothers as required by Section 112 (h) of the Internal Revenue Code. We sustain this contention of petitioners. It is unnecessary to discuss the other grounds urged by petitioners. The Austin Transit Company conducted the public transportation system in Austin, Texas. The Murchisons purchased all the stock of the Austin Transit Company for a total cost of $1,181,730.38 between October 30 and December 28, 1945. On December 28, 1945, the three petitioner corporations were formed with $10,000 capital each, which was new capital representing additional investments of the Murchisons to take over the assets of the Austin Transit Company. On December 31, the Austin Transit Company was liquidated, and its assets were divided up into real estate, buses, and all other assets, and transferred respectively to the three petitioner corporations, as set out in the Findings of Fact, for a total consideration of $1,181,730.38. At the conclusion of the reorganization the Murchisons owned 69 per cent of the stock of each of the three petitioner corporations. Lindsey, the attorney for the Murchisons, owned 21 per cent of the stock of each corporation which he purchased for a total sum of $6,300 and Norman Hirshfield owned 10 per cent of the stock of each corporation. There seems to be no doubt from the record that both Lindsey and Hirsh-field owned outright their shares of stock in each corporation. Even if the 6 per cent owned by Hemby be regarded as owned by the Murchisons, they still owned only 69 per cent of the stock in each corporation which acquired the assets of Austin Transit Company. Since the Murchisons owned less than 80 per cent of the stock of the new corporations, the acquisition of the assets of the Austin Transit Company is precluded from being a tax-free reorganization within the meaning of section 112 (g) (1) (D). Respondent’s argument is based solely on this subsection. It is proper to point out that in the cases of Estate of John B. Lewis, supra, and Survaunt v. Commissioner, supra, relied upon by respondent, there was no lack of control on the part of the transferors. They owned 100 per cent of the stock of the acquiring corporations. That fact serves to clearly distinguish those cases from the instant case. The three petitioner corporations are entitled to their own cost basis of the assets in question under the general rule of section 113 of the Code. In the Memorandum of Settlement Agreement filed in this case the parties have settled all other issues raised by the pleadings. Decisions will he entered, under Rule 50.