opinion. Van Fossan, Judge: The sole question presented here is whether the interest payments made in 1948 to the petitioners on their respective overassessments of income taxes are properly includible, within the gross income of each recipient pursuant to section 22 (á) of the Internal Revenue Code,[1] as determined by respondent. Petitioners contend that the interest payments did not constitute gross income to them for the reason that they were under an obligation to pay over such interest to the settlors to whom in equity it rightfully belonged and that in the performance of such obligation they acted merely as conduits. In support of the position thus taken, they cite Charles A. Clark, 19 T. C. 48, and Horace Mill, 5 T. C. 691, in both of which cases it was held that where payments are made to a taxpayer who is under a legal obligation to pass them on to another, such payments are not includible in the gross income of the initial recipient. Petitioners maintain that the obligation so to perform arose from their duty to make restitution to the settlors of the tax refunds and interest thereon on the grounds of unjust enrichment. They devote much space on brief to an exposition of the doctrine of unjust enrichment and the recognition and application thereof by the California courts. Further, they contend that the settlors were also entitled to restitution of tax and interest under the doctrine of reformation based upon mistake. The arguments thus advanced are based upon equitable doctrines. At the most, they show that in a court of equity, petitioners might possibly be held to have been unjustly enriched at the expense of the settlors, or an equitable reformation or modification might be made. However, regardless of the niceties of the situation and the moral suasion involved, such equitable arguments can here avail petitioners nothing in the absence of a showing that a legal obligation existed to pay over the receipts in question to the settlors. See Healy v. Commissioner, 345 U. S. 278. No such showing has been made on this record. The interest payments were made by the Government to the petitioners for retention of funds which, for aught the record shows, were trust funds that had been mistakenly paid out. Under such circumstances, the interest payments did not constitute gross income to the settlors. Cf. Abe Schreiber, 6 T. C. 707, affd. 160 F. 2d 108; Loretto McKenna Richards, 19 T. C. 366. To the contrary, such payments were income to the trusts which owned the claims for the refunds and for the interest paid on those claims, and to which trusts the interest was in fact paid. New Oakmont Corporation v. United States, 86 F. Supp. 897. We, therefore, answer the question posed in the affirmative and hold that the interest payments received by petitioners constituted gross income to them. Petitioners present the alternative argument that if the interest payments in controversy are includible in their respective gross incomes, then and in that event such payments are deductible as either an ordinary and necessary expense, or as a payment of. interest on indebtedness, the principal indebtedness being the debt owed by the trusts to the settlors in the amount of the overassessment or the tax deficiency against the settlors, the benefit from which was received by the trusts. Petitioners cite and rely upon New Oakmont Corporation v. United States, supra; United States Fidelity & Guaranty Co., 40 B. T. A. 1010; New McDermott, Inc., 44 B. T. A. 1035; Howard Gould, 14 T. C. 744. All such cases are clearly distinguishable on the facts from the one before us. Moreover, in each case there was present an agreement, or other legal obligation, under which the taxpayer ^involved acted. As pointed out above, no such agreement, or other legal obligation, on the part of the trusts to reimburse the settlors has been shown here. Thus, this argument must also fail. Consequently, respondent is sustained. Decisions will be entered for the respondent. SEC. 22. GROSS INCOME. ,(a) General Definition. — “Gross income’’ includes gains, profits, and income derived from * * * Interest, * * * derived from any source whatever. * * *