OPINION. OppeR, Judge: Although it is not easy to distinguish these facts from Bagley & Sewall Co., 20 T. C. 983, affirmed sub nom. Commissioner v. Bagley & Sewall Co., (C. A. 2) 221 F. 2d 944, Western Wine & Liquor Co., 18 T. C. 1090, and Charles A. Clark, 19 T. C. 48, it is even more difficult to reconcile such cases as Logan & Kanawha Coal Co., 5 T. C. 1298, 1303. There the circumstances of acquisition were that “Petitioner purchased the Standard Banner Coal Co. shares to enable it to acquire and maintain a source of supply of coal.” Here, as petitioner phrases it, “It is obvious that * * * the purchase and retention of the debenture by the taxpayer was only' for the purpose of obtaining plywood production and merely incidental thereto.” In Logan d? Kanawha Goal Go., supra, we said: “Under the facts presented, no one of the three exceptions applies to the shares of stock of the Standard Banner Coal Co. They are capital assets, as defined by section 117 (a), and the loss from the sale is not one falling within section 23 (f) of the code.” It is true that in the Logan & Kanawha Coal Co. case the stock was sold and the loss claimed was the difference between the basis of $27,500 and the sale price of $600 whereas here the deduction is claimed as a total loss. But section 23 (k) (2) treats as a “loss from the sale or exchange, on the last day of such taxable year, of capital assets” in the case of “securities” becoming “worthless within the taxable year” and we think there can be no doubt this debenture was a “security.” While the cases seek to create a distinction according to the intent with which the purchase was made and the property held, it seems reasonably evident that when, as in Logan & Kanawha Coal Co., supra, the purpose of acquisition can be described as to enable “it to acquire and maintain a source of supply” of its stock in trade the implication must be that there was no “investment” purpose there any more than there was here. And the facts scarcely warrant a finding of “investment” purpose in the acquisition by a concessionaire of essential World’s Fair debentures (Exposition Souvenir Corp. v. Commissioner, (C. A. 2) 163 F. 2d 283) and not in the purchase of Government bonds to be used as security for performance of a contract (Bagley & Sewall Co., supra.) Approached realistically, the trend of the later cases can only be rationalized by borrowing a part of the language in Commissioner v. Bagley & Sewall Co., supra, (at p. 947) : “that business expense, Section 23, has been many times determined by business necessity without a specific consideration of Section 117.” So considered the present problem becomes relatively simple. Petitioner’s action in purchasing the debenture was a reasonable and necessary act in the conduct of its business. The loss of the purchase price was proximately related to that acquisition. Hence under section 23 the amount was a deductible business expense, or business loss, properly taken in the instant year since that was the first time the reason for holding the debenture disappeared and the extent of the loss could be accurately measured. Insofar as anything in the language or conclusion of Logan & Kanawha Coal Co., supra, conflicts with what has been said, it will no longer be regarded as authoritative. Reviewed by the Court. Decision will be entered under Rule 50.