OPINION. Turner, Judge: In determining the deficiencies herein, respondent has allowed to petitioner, as a basis for computing depreciation with respect to the properties of Dakota and Sheridan County, acquired as above shown, the same basis that such properties had in the hands of the predecessor corporations, thus treating the acquisition of the latter’s stock and securities and the acquisition of the physical properties of those companies on their liquidation as separate and distinct transactions. It is his position that those transactions come within the ambit of sections 112 (b) (6)[1] and 113 (a) (15)[2] of the Internal Revenue Code of 1939. He argues that though petitioner might have wanted the properties of the two corporations, the negotiations were for the purchase of stock and securities, that the stockholders of each corporation did not want to sell, and would not sell, the properties, and that on the sale of the stock by the stockholders the corporations cannot be said to have sold assets. Petitioner’s contention is that the question at issue concerns a “step transaction,” that tax liability is not to be determined on each step viewed independently and in isolation, but rather, on the basis of the net effect of the entire transaction. It relies on the principles enunciated in Helvering v. Alabama Asphaltic Limestone Co., 31S U. S. 179; Koppers Coal Co., 6 T. C. 1209; and Kimbel-Diamond Milling Co., 14 T. C. 74, affirmed per curiam 187 F. 2d 718, certiorari denied 342 U. S. 827. It is quite clear from the record that, whether petitioner negotiated specifically for the assets of the two corporations or not, its primary, in fact its sole purpose, was to acqtiire the corporate assets through the purchase of the stock and the immediate liquidation of the corporations, to the end that it might integrate the properties into its directly owned operating system. We are of the opinion and hold that, insofar as this petitioner is concerned, the various steps, when taken as a whole, constituted the purchase of the properties of the said companies, and respondent’s contention that section 112 (b) (6) is applicable cannot prevail. Kimbell-Diamond Milling Co., supra; Koppers Coal Co., supra; Commissioner v. Ashland Oil & Refining Co., 99 F. 2d 588. And section 112 (b) (6) being inapplicable, it follows that section 113 (a) (15) does not apply. Respondent contends further that if sections 112 (b) (6) and 113 (a) (15) do not apply to the transactions under consideration, then the amounts to be allocated as bases to the depreciable properties acquired by petitioner upon the liquidation of the two corporations consist only of allocable portions of the amounts paid for the stock and securities of the two liquidated corporations. Although respondent agrees that petitioner acquired the properties of Dakota and Sheridan County subject to their liabilities, by liquidating the corporations, he argues that there is no evidence that the liabilities were ever paid by petitioner, and that Kimbell-Diamond Milling Co., supra, is to the effect that the liabilities of a corporation assumed upon liquidation of the corporation under a comparable plan were not considered as part of the cost of the assets acquired. The argument of the respondent is, in our opinion, without merit. According to section 113 (a), the basis of property is cost, unless otherwise provided in some one of its subsections, and there is no claim of applicability of any such subsection other than section 113 (a) (15), disposed of above. Treating the various steps taken in acquiring the properties as a whole, the cost of the properties of each corporation was the amount paid for the stock and securities plus the liabilities assumed, since in the case of a closed transaction the cost of property includes not only the payment made in cash but also the liabilities to which the property is subject or which are assumed by the purchaser. See Crane v. Commissioner, 331 U. S. 1; Blackstone Theater Co., 12 T. C. 801; Consolidated Coke Co., 25 B. T. A. 345, affd. 70 F. 2d 446; Athol Manufacturing Co., 22 B. T. A. 105, affd. 54 F. 2d 230. It is true that in Kimhell-Diamond Milling Co., supra, the facts indicate that the corporation, upon liquidation, did have liabilities of $14,020.90, aside from capital liabilities, and that those liabilities were not included in the amount held to have been the cost of the corporate properties acquired. There is no indication, however, that the taxpayer there made any claim that such liabilities, whether assumed, paid, or otherwise satisfied, constituted a part of the cost of the assets acquired, and it could have been that the parties, subject to the determination that section 113 (a) (9) was not the controlling section, had stipulated or agreed that the cost of the securities, adjusted for other factors as therein indicated, was the cost to the taxpayer of the assets. In any event, it does not appear that the question here was litigated or considered in Kimbell-Diamond Milling Co., supra. Accordingly, that case is not to be regarded as authority for the proposition for which the respondent contends. Subject to the above determination that the liabilities assumed upon liquidation of Dakota and Sheridan County constituted a part of the cost of the corporate assets acquired, the parties have stipulated the basis of the properties to petitioner and the portions of the said basis attributable to each kind and class of such properties. In making that stipulation we assume that allowance was made for any cash received by petitioner upon liquidation of the two corporations. Effect will be given to the stipulations in the Eule 50 computations herein. Decision will be entered wnder Buie 60. SEC. 112. RECOGNITION OF GAIN OR LOSS. (b) Exchanges Solely in Kind.— ******* (6) PBOPBBTY DECEIVED BY COEPOEATION ON COMPLETE LIQUIDATION OF ANOTHEB.— No gain or loss shall be recognized upon the receipt by a corporation, of property distributed In complete liquidation of another corporation. For the purposes of this paragraph a distribution shall be considered to be in complete liquidation only If— (A) the corporation receiving such property was, on the date of the adoption of the plan of liquidation, and has continued to be at all times until the receipt of the property, the owner of stock (In such other corporation)! possessing at least 80 per centum of the total combined voting power of all classes of stock entitled to vote and the owner of at least 80 per centum of the total number of shares of all other classes of stock (except nonvoting stock which Is limited and preferred as to dividends), and was at no time on or after the date of the adoption of the plan of liquidation and. until the receipt of the property the owner of a greater percentage of any class of stock than the percentage of such class owned at the time of the receipt of the property ; and *•*•*•• (C) the distribution is by such other corporation in complete cancellation or redemption of all Its stock, and the transfer of aU the property occurs within the taxable year; in such case the adoption by the shareholders of the resolution under which Is authorized the distribution of all the assets of such corporation in complete cancellation or redemption of all Its stock, shall be considered an adoption of a plan of liquidation, even though no time for the completion of the transfer of the property is specified In such resolution; * * * SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS. (a) Basis (Unadjusted) of Pbopbbty. — The basis of property shall be the cost of such property; except that— ***•*•• (15). Pbopbbty deceived by a cobfobation on complete liquidation of anotbbb.— If the property was received by a corporation upon a distribution In complete liquidation of another corporation within the meaning of section 112 (b) (6), then' the basis Bhall be the same as It would be in the hands of the transferor. The basis of property with respect to which election has been made in pursuance of the last sentence of section 113 (a) (15) of the Revenue Act of 1936, as amended, shall, in the hands of the corporation making such election, be the basis prescribed In the Revenue Act of 1984, as amended.