OPINION. Atkins, Judge: The principal question presented relates to the proper basis for gain or loss and depreciation with respect to assets acquired by the petitioner in 1942 from the New York company that was merged into it. The petitioner contends that the basis is the same as that in the hands of the New York company whereas the respondent has determined that the assets have a new basis, measured by the amount paid by the petitioner for the stock of the New York company. The primary position of the petitioner is that it acquired the assets of the New York company in complete liquidation of that corporation, within the meaning of section 112 (b) (6) of the Internal Eevenue Code of 1939, and the regulations thereunder,[1] and that, therefore, it is entitled to use its transferor’s basis by reason of the provisions of section 113 (a) (15).[2] The same result, it is argued, is to be reached by regarding the acquisition of New York’s assets as being in connection with a reorganization and applying the provisions of section 113 (a) (7). There can be no question that the form of the transaction was as contended for by the petitioner and literally satisfies the provisions of section 112 (b) (6). Under the agreements of consolidation and merger the stock of the New York company, wholly owned by the petitioner, was turned in for cancellation and redemption and by operation of law the assets of the New York corporation became the assets of the petitioner. This, in the language of section 112 (b) (6), was “the receipt by a corporation [the petitioner] of property distributed in complete liquidation of another corporation [the New York company].” Consequently, the provisions of that section will apply to and be decisive of the question as to basis unless prevented by judicial interpretation, which the respondent says has been enunciated in similar cases. Counsel for the respondent argues that under decided cases involving similar circumstances there was here in substance a purchase by the petitioner of the assets of the New York company. He cites the cases of Commissioner v. Ashland Oil & Refining Co., 99 F. 2d 588; Koppers Coal Co., 6 T. C. 1209; Kimbell-Diamond Milling Co., 14 T. C. 74, affirmed per curiam 187 F. 2d 718; and Kanawha Gas & Utilities Co. v. Commissioner, 214 F. 2d 685. Our examination of the cases cited by the respondent convinces us that the principle enunciated therein was intended to be and should be limited to the peculiar situations disclosed by the facts in each of those cases and should not be extended to a case such as this, where the evidence establishes a wholly different origin and reason for the pattern of the transactions. In each of those cases it appeared that an existing corporation had as its primary purpose or indeed its sole purpose, the purchase of a particular asset or a group of assets of another corporation, but was forced by circumstances beyond its control to effect the acquisition through the channels of first acquiring stock and then liquidating the subsidiary. In those cases the acquiring corporation had no purpose of continuing the business of the old corporation in a new corporate form. Here the testimony shows that it was the desire of the individuals who were then in active conduct of the business of the New York company to continue that business in corporate form. Neither they nor the petitioner had as their sole or primary motive the acquisition of particular assets. Neither the individuals nor the petitioner at any time negotiated for the acquisition of any of the assets of the New York company. Eather, the purpose and the negotiations were to acquire stock and thereby acquire control of the company and its business. The uncontroverted evidence, including testimony, is that the new company was set up and the transaction carried out as it was because of the requirement imposed by the Trust Company which loaned the money for the purchase of the stock. It is our conclusion that under the circumstances of this case section 112 (b) (6) applies and that the basis of the assets of the New York company in the hands of the petitioner is the basis in the hands of the old company in accordance with the provisions of section 113 (a) (15). The respondent says that our prior decision in the case of this petitioner operates as an estoppel to the trial and decision in this case of the issue of the basis to be ascribed to the assets acquired by the petitioner from the New York company. The decision in the prior case concerned the excess profits tax of this petitioner for the portion of the year 1942 that it was in existence. Our report in that case appears at 14 T. C. 29. The decision therein was appealed by the petitioner and the appeal was dismissed by the United States Court of Appeals for the Third Circuit on agreement of the parties. In the prior case we had before us for decision only the narrow question of whether for invested capital purposes, under the excess profits tax statutes, the stock of the New York company had a “cost basis” or a “basis other than cost” as those terms were used in section 761 of the Internal Eevenue Code of 1939. We held that everything that occurred was in reality a single transaction constituting a purchase, and that there was no justification for attributing to the stock of the New York company any basis other than its cost. From that holding it followed that the stock had a statutory “cost basis.” We did not have before us in that case the question of whether the liquidation of the New York company qualified under section 112(b) (6) with a consequent carryover of basis of assets. Consequently, in the lan-gu'age of Commissioner v. Sunnen, 333 U. S. 591, the issue in this proceeding was not a matter which was “actually presented and determined in the first case” and, therefore, the prior case does not estop the trial and consideration of the basis issue that is presented in these proceedings. In view of this conclusion it becomes unnecessary to consider alternative questions raised by the parties relating to the allocation of cost to some of the assets acquired from the New York corporation. Several items not directly related to the main issues have been stipulated and will be given effect in the recomputation under Rule 50. One of these concerns an increase in inventory consumed during December 1942, and the correct inventory at December 31,1942. In another stipulation the parties set forth the material facts as to the petitioner’s purchase and sale of shares of Tennessee Corporation and North American Company, and they agree that the gain of $2,000.19 realized on the sale of those shares in 1945 was erroneously considered by the respondent to be a short-term capital gain. The parties also agree that correct deductions for franchise taxes paid or accrued shall be allowed in recomputations for the years 1943 through 1946. At the hearing a controversy developed as to the effect of the payment by the petitioner of $50,000 on account of excess profits tax for the year 1943 and the collector’s deposit thereof in a suspense account. Facts subsequently occurring as to waiver, assessment, and refund claim were established by amendments of the pleadings. Whatever effect that payment has on the petitioner’s liability will also be determined in the recomputation. Decisions will be entered wider Rule 50. SBC. 112. RECOGNITION OP GAIN OR LOSS. (b) Exchanges Solely in Kind.— * * * » * * • (6) Property received by corporation on complete liquidation of another. — No gain or loss shall be recognized upon the receipt by a corporation of property distributed in complete liquidation of another corporation. * * * Sec. 29.112 (b) (6)-l of Regulations 111 provides : If a transaction constitutes a distribution In complete liquidation within the meaning of the Internal Revenue Code and satisfies the requirements of Section 112 (b) (6), It Is not material that it is otherwise described under the local law. SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS. (a) Basis (Unadjusted) of Property. — The basis of property shall be the cost of such property; except that * * * « v • * (15) Property received by a corporation on complete liquidation of another.— If the property was received by a corporation upon a distribution In complete liquidation of another corporation within the meaning of section 112 (b) (8), then the basis shall be the same as it would be in the hands of the transferor.