H. AND G. INDUSTRIES, INC. AND SUBSIDIARIES, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6952–71.    Filed April 30, 1973.

*Martin D. Cohen,* for the petitioner.
*Timothy L. Nelson,* for the respondent.

QUEALY, *Judge:* The Commissioner determined deficiencies in petitioner's income tax as follows:

| Taxable year | Deficiency |
|---|---|
| Aug. 31, 1968 | $23,064.56 |
| Aug. 31, 1969 | 151.38 |

As a result of concessions by the parties, only the deficiency for the taxable year ended August 31, 1968, is in dispute. The sole issue to be decided is whether petitioner is entitled to deduct under section 162 [1] as an ordinary and necessary business expense the premium paid on the redemption of certain preferred stock that had been issued to a small business investment corporation to obtain capital for expansion.

### FINDINGS OF FACT

Some of the facts have been stipulated by the parties. Such facts and the exhibits attached thereto are incorporated herein by this reference.

Petitioner H. & G. Industries, Inc., is a New York corporation. Petitioner owned all of the stock of Edward E. Robinson, Inc., a New Jersey corporation, and of Wolf Brush Co., a Pennsylvania corporation.

The petitioner and its subsidiaries filed a consolidated Federal income tax return for the fiscal year ending August 31, 1968, with the district director of internal revenue, Newark, N.J. At all times material herein, their principal place of business was Belleville, N.J.

The petitioner has been continuously engaged in the business of manufacturing and selling paintbrushes and rollers since 1867. Until 1963, petitioner had limited its line of products to the very highest quality, since almost all its customers were professional painters whose work required quality brushes and rollers. In 1963, however, petitioner acquired all of the stock of Edward E. Robinson, Inc., which manufactured inexpensive "throw away" type brushes, and all of the stock of Wolf Brush Co., which manufactured large brushes and other specialized equipment generally sold only to large industrial users. As a result of these acquisitions and the expansion of its product line, the petitioner was in need of additional working capital.

The petitioner's management determined that approximately $450,000 would be required to liquidate an existing loan account with the Fidelity Union Trust Co. of Newark, N.J., and to establish and maintain an adequate working capital.

The petitioner obtained the sum of $250,000 by means of a 10-year term loan from Peoples National Bank & Trust Co. of Belleville, N.J. The balance of $200,000 was obtained as the result of a stock purchase

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

agreement executed on December 6, 1963, with First Small Business Investment Corp. of New Jersey (hereinafter referred to as SBIC), a corporation licensed under the Small Business Act of 1958, through the issuance of 2,000 shares of 8-percent convertible participating preferred stock of a par value $100. The terms of the preferred stock issue provided for an 8-percent cumulative preferred dividend, an additional dividend not to exceed $14,000 equal to 12½ percent of the consolidated net profits, and a call price of $120 per share.

From its issuance in 1963 until its redemption in 1967, the 8-percent convertible participating preferred stock was carried on petitioner's balance sheets in the capital account and both the 8-percent annual "dividends" and the 12½-percent annual participation were treated as "dividend distributions" and so reported in petitioner's return for such years.

On October 16, 1967, petitioner retired the 2,000 shares of preferred stock held by SBIC by paying the sum of $240,000 to SBIC which thereupon surrendered all such shares to petitioner for cancellation. Petitioner deducted the call premium of $40,000 [2] paid to retire the preferred stock as an ordinary and necessary business expense in its consolidated return for the fiscal year ending August 31, 1968. Respondent denied the deduction.

## OPINION

In 1963, the petitioner issued $200,000 of 8-percent convertible participating preferred stock to SBIC to help finance its planned expansion in its manufacturing and sales operations and to liquidate an outstanding loan. In 1967, having found it could refinance on better terms, the petitioner retired the preferred stock held by SBIC at the redemption price of $240,000. The petitioner does not claim that the call premium of $40,000 is deductible as interest under section 163. It fully recognizes the preferred stock for what it is. *Crawford Drug Stores* v. *United States*, 220 F. 2d 292 (C.A. 10, 1955). Petitioner instead claims that the premium paid to retire the preferred stock was made to release it from an onerous obligation and as such is deductible as an ordinary and necessary business expense under section 162(a), citing *Olympia Harbor Lumber Co.*, 30 B.T.A. 114 (1934), appealed on other grounds and affirmed 79 F. 2d 394 (C.A. 9, 1935) ; *Helvering* v. *Community Bond & Mortgage Corporation*, 74 F. 2d 727 (C.A. 2, 1935) ; *Cleveland Allerton Hotel* v. *Commissioner*, 166 F. 2d 805 (C.A.

[2] Petitioner deducted an additional $2,666.67 on its return as part of the premium on retiring the preferred stock, but is no longer claiming such an amount as a deduction.

6, 1948) ; *Pressed Steel Car Co.*, 20 T.C. 198 (1953) ; *Capitol Indemnity Ins. Co.* v. *Commissioner*, 237 F. 2d 901 (C.A. 7, 1956) ; *Montana Power Co.* v. *United States*, 171 F. Supp. 943 (Ct. Cl. 1959).

Petitioner contends that its primary aim was not to redeem the preferred stock but to release itself from an onerous contract. Whatever petitioner's intent may have been, however, the transaction must be characterized for what it is—a corporate distribution in redemption of its own stock. The premium is part of that distribution and cannot be segregated therefrom, whether separately bargained for or not. As such, it is not deductible under section 162.

In *John Wanamaker Philadelphia* v. *Commissioner*, 139 F. 2d 644 (C.A. 3, 1943), the taxpayer argued in the alternative that the premium paid on the retirement of "preferred stock" was either deductible as interest or as a business expense. Having denied the interest deduction on the basis that the preferred stock was not debt, the appellate court rejected the business expense argument with the following comment:

In view of our conclusion that the preferred stock did not represent indebtedness it follows that the premiums paid by the taxpayer in each of the fiscal years 1936, 1937 and 1938 in connection with the redemption of its preferred stock were liquidating distributions upon stock and may not be deducted from gross income for those years as items of expense. * * *
[139 F. 2d at 647–648.]

The cases cited by petitioner are inapposite. Generally, they all involve amounts paid by taxpayer to release him from a burdensome claim or contract with third parties. None involve amounts paid by a corporation to its own shareholders to retire its stock as was the case in *John Wanamaker Philadelphia* v. *Commissioner*, *supra*. Whenever preferred stock is retired, there is a presumption of advantage to the corporation. Whatever may be meant by an "onerous" contract, the benefit derived from release therefrom does not convert a capital transaction into an ordinary and necessary business expense. Cf. *Kingsmill Corporation*, 28 T.C. 330 (1957), where we denied the premium paid on redemption of preferred stock to be deducted as interest, and *Jewel Tea Co.* v. *United States*, 90 F. 2d 451 (C.A. 2, 1937), where the court denied the premium on redemption of preferred stock to be deducted as a loss.

In accordance with the foregoing, petitioner's claim for deduction of the premium paid on the retirement of preferred stock under section 162 is denied.

*Decision will be entered for the respondent.*